STATE OF NORTH CAROLINA v. RONALD COLEMAN IRBY

No. 7320SC541

(Filed 22 August 1973)

**Criminal Law § 23— guilty plea to one offense — sentence for two offenses — plea stricken**

Defendant's plea of guilty is stricken where it is stated in the judgment and commitment that defendant pleaded guilty to breaking, entering and larceny but the transcript of plea and the court's adjudication of voluntariness of the plea refer only to the charge of breaking or entering, notwithstanding only one sentence of three to five years was imposed.

APPEAL by defendant from *Falls, Judge,* 19 March 1973 Session of Superior Court held in STANLY County.

Defendant was charged in a bill of indictment, proper in form, with (1) the felony of breaking or entering, (2) the felony of larceny after breaking and entering, and (3) the felony of receiving.

Defendant entered a plea of guilty but the record does not clearly disclose to which charge, or charges, the plea was entered.

*Attorney General Morgan, by Assistant Attorney General Blackburn, for the State.*

*Brown, Brown & Brown, by Fred Stokes for the defendant.*

BROCK, Chief Judge.

His honor failed to make clear entries in the case. In the Transcript of Plea defendant was asked if he understood that he was charged with *breaking* or *entering*. In adjudicating the voluntariness of the plea, his honor found that defendant pleaded guilty to *breaking* and *entering*. In the judgment and commitment his honor found and adjudicated that defendant pleaded guilty to *breaking, entering* and *larceny* in violation of G.S. 14-54 and G.S. 14-70. Defendant was sentenced to a term of not less than 3 nor more than 5 years. The sentence appears to have been entered upon two offenses, but it appears that defendant pleaded guilty to only one.

While it is true that the sentence imposed would not be excessive if entered as to either charge, nevertheless, defendant

---

Comr. of Insurance v. Attorney General

---

is entitled to have the record correctly reflect the offense for which he was sentenced. If he was sentenced for both offenses, he is entitled to have the record clearly show that fact. Upon this record it is doubtful that defendant would be able to successfully plead and show former jeopardy upon the charge of larceny. He is entitled to protection from a second prosecution for the same offense.

Because of the conflicts in the orders entered by the trial judge, this Court, in its discretion, vacates the judgment and remands the cause to the Superior Court in Stanly County with directions that the presiding judge strike the plea of guilty and permit defendant to plead again to the bill of indictment.

Cause remanded with directions.

Judges HEDRICK and VAUGHN concur.